1  Jonah A. Grossbardt (State Bar No. 283584)
   **SRIPLAW**
2  8730 Wilshire Boulevard
3  Suite 350
   Beverly Hills, CA 90211
4  323.364.6565 – Telephone
5  561.404.4353 – Facsimile
6  jonah.grossbardt@sriplaw.com

7  Attorneys for Plaintiff
8  BRYAN E. GLYNN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| BRYAN E. GLYNN,<br><br>Plaintiff,<br><br>v.<br><br>OC CIGARS, LLC,<br><br>Defendant. | CASE NO.:<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |
|---|---|

### **COMPLAINT FOR COPYRIGHT INFRINGEMENT**
(INJUNCTIVE RELIEF DEMANDED)

Plaintiff Bryan E. Glynn by and through his undersigned counsel, brings this Complaint against Defendant OC Cigars, LLC for damages and injunctive relief, and in support thereof states as follows:

### **SUMMARY OF THE ACTION**

1. Plaintiff Bryan E. Glynn ("Glynn") brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute Glynn's original copyrighted Work of authorship.

1

2. Glynn is a master of lighting with extensive experience in using both natural light and flashes to get spectacular results in any environment. Glynn also is the founder of CigarObsession (at www.cigarobsession.com) and the producer of one of the most popular cigar video review YouTube channels.

3. Over the years, Glynn has worked in different areas of photography including architecture, weddings, models, landscapes, concerts, sports, and tabletop. Glynn has won many awards, both local and National, and his photographs have been published in magazines and newspapers across the country. Glynn's work can be identified at a glance for its crisp almost 3D look without using HDR; instead he uses off camera flash for dimension and pop, especially in his product work, which produces incredible details and dimension that stand out like a fingerprint for clients.

4. Defendant OC Cigars, LLC ("OCC") is a cigar store and lounge located in Costa Mesa, California. They carry a variety of major cigar lines, specialty cigars, as well as accessories. OCC is the only store in Orange County with an outdoor smoking patio. Their staff is knowledgeable and prepared to provide insight on any cigar in the store. At all times relevant to herein, OCC is the owner of the website located at the URL "https://www.orangecountycigar.com/" (the website).

5. Glynn alleges that OCC copied Glynn's copyrighted Work from the internet in order to advertise, market and promote its business activities. OCC committed the violations alleged in connection with OCC's business for purposes of advertising and promoting sales to the public in the course and scope of OCC's business.

**JURISDICTION AND VENUE**

6. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

7. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

2

1  8. OCC is subject to personal jurisdiction in California.

2  9. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Defendant engaged in infringement in this district, Defendant resides in this district, and Defendant is subject to personal jurisdiction in this district.

## DEFENDANT

10. OC Cigars, LLC is a California Corporation with its principal place of business at 2470 Newport Boulevard, Costa Mesa, CA 92627, and can be served by serving its Registered Agent, Mr. Michael McGowan, at the same address.

## THE COPYRIGHTED WORK AT ISSUE

11. In 2015, Glynn created a photograph entitled "565611ee58e5fd1200bdf5b1_-_ipw0024.jpg", which is shown below and referred to herein as the "Work".



12. At the time he created the Work, Glynn applied copyright management information to the Work consisting of a blue and white watermark at the bottom left corner of the photo that reads "BGPictures".

13. Glynn registered the Work with the Register of Copyrights on October 22, 2015 and was assigned the registration number VAu 1-224-378. The Certificate of Registration is attached hereto as Exhibit 1.

14. At all relevant times Glynn was the owner of the copyrighted Work at issue in this case.

## INFRINGEMENT BY DEFENDANT

15. OCC has never been licensed to use the Work at issue in this action for any purpose.

16. On a date after the Work at issue in this action was created, but prior to the filing of this action, OCC copied the Work.

17. OCC copied Glynn's copyrighted Work without Glynn's permission.

18. After OCC copied the Work, it made further copies and distributed the Work on the internet to promote the sale of goods and services as part of their cigar business.

19. OCC copied and distributed Glynn's copyrighted Work in connection with OCC's business for purposes of advertising and promoting OCC's business, and in the course and scope of advertising and selling products and services.

20. Glynn's Work is protected by copyright but is not otherwise confidential, proprietary, or trade secrets.

21. OCC committed copyright infringement of the Work as evidenced by the documents attached hereto as Exhibit 2.

22. Glynn never gave OCC permission or authority to copy, distribute or display the Work at issue in this case.

23. Glynn notified OCC of the allegations set forth herein on January 3, 2020. To date, to the parties have failed to resolve this dispute.

**SRIPLAW**
LOS ANGELES, CALIFORNIA

24. When OCC copied and displayed the Work at issue in this case, OCC removed Glynn's copyright management information from the Work.

25. Glynn never gave OCC permission or authority to remove copyright management information from the Work at issue in this case.

## COUNT I

## COPYRIGHT INFRINGEMENT

26. Plaintiff incorporates the allegations of paragraphs 1 through 25 of this Complaint as if fully set forth herein.

27. Glynn owns a valid copyright in the Work at issue in this case.

28. Glynn registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

29. OCC copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without Glynn's authorization in violation of 17 U.S.C. § 501.

30. OCC performed the acts alleged in the course and scope of its business activities.

31. OCC's acts were willful.

32. Glynn has been damaged.

33. The harm caused to Glynn has been irreparable.

## COUNT II

## REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION

34. Plaintiff incorporates the allegations of paragraphs 1 through 25 of this Complaint as if fully set forth herein.

35. The Work at issue in this case contains copyright management information ("CMI").

36. OCC knowingly and with the intent to enable or facilitate copyright infringement, removed CMI from the Work at issue in this action in violation of 17 U.S.C. § 1202(b).

37. OCC committed these acts knowing or having reasonable grounds to know that it will induce, enable, facilitate or conceal infringement of Glynn's rights in the Work at issue in this action protected under the Copyright Act.

38. OCC caused, directed and authorized others commit these acts knowing or having reasonable grounds to know that it will induce, enable, facilitate or conceal infringement of Glynn's rights in the Work at issue in this action protected under the Copyright Act.

39. Glynn has been damaged.

40. The harm caused to Glynn has been irreparable.

WHEREFORE, the Plaintiff prays for judgment against the Defendant OC Cigars, LLC that:

a. Defendant and its officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. §§ 501, 1203;

b. Defendant be required to pay Plaintiff his actual damages and Defendant's profits attributable to the infringement, or, at Plaintiff's election, statutory damages, as provided in 17 U.S.C. §§ 504, 1203.

c. Plaintiff be awarded his attorneys' fees and costs of suit under the applicable statutes sued upon; and

d. Plaintiff be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

DATED: February 23, 2021     */s/ Jonah A. Grossbardt*
                                                JONAH A. GROSSBARDT
                                                **SRIPLAW**
                                                Attorneys for Plaintiff Bryan E. Glynn

**SRIPLAW**
LOS ANGELES, CALIFORNIA