1  Thomas L. Gourde, SBN 150483
   Kari A. Martin, SBN 315551
2  RAY & GOURDE, LLP
   111 Pacifica, Suite 120
3  Irvine, CA 92618
   Telephone: 949-825-6520
4  Facsimile: 949-825-6544

5  Attorneys for Defendant
   OC CIGARS, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| BRYAN E. GLYNN,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>OC CIGARS, LLC,<br><br>　　　　Defendant. | **Case No. 8:21-CV-00357 JVS (DFMx)**<br><br>**Judge: Hon. James V. Selna**<br><br>**DEFENDANT OC CIGARS, LLC'S APPLICATION FOR RELIEF FROM DEFAULT; MEMORANDUM OF POINTS AND AUTHORTIES**<br><br>**[Declaration of Nathan Moore in Support filed currently herewith]**<br><br>**Date:  November 1, 2021**<br>**Time: 1:30 p.m.**<br>**Courtroom: 10C**<br><br>Complaint Filed: February 23, 2021<br>Trial Date: TBD |

TO PLAINTIFF AND TO ITS ATTORNEYS OF RECORD:

　PLEASE TAKE NOTICE that on November 1, 2021, at 1:30 p.m., or as soon thereafter as counsel may be heard by the above-entitled Court, located at 411 West 4th Street, Room 1053, Santa Ana, CA 92701 (address), Defendant OC CIGARS, LLC (hereinafter "Defendant") will and hereby

1

DEFENDANT OC CIGARS, LLC'S APPLICATION FOR RELIEF FROM DEFAULT

does move the Court pursuant to Rule 55(c) of the Federal Rules of Civil Procedure to set aside the Default entered by the Clerk on May 11, 2021.

This motion is brought on the grounds that excusable neglect caused the delay in filing an answer to Plaintiff's complaint and Defendant has a good and meritorious defense to the claims for relief alleged.

This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities filed herewith, the declaration of Nathan Moore, and upon such other matters as may be presented to the Court at the time of the hearing

DATE: October 1, 2021

*Thomas L. Gourde*
THOMAS L. GOURDE
KARI A. MARTIN
Attorneys for Defendant
OC CIGARS, LLC

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. INTRODUCTION

On or about March 5, 2021, Defendant was served with the summons and complaint in the instant action. After receipt of the complaint, NATHAN MOORE (hereinafter "MOORE"), a Manager of Defendant, telephoned the court at 714-338-4755 for instruction and guidance. MOORE spoke to Judge Douglas McCormick's Courtroom Deputy Clerk, Nancy Boehme. MOORE understood from his conversation with Ms. Boehme that he would need to submit Defendant's Answer to complaint for filing with the court via overnight delivery.

On March 25, 2021, MOORE sent on behalf of Defendant, In Pro Per, the following documents: (1) Answer to Complaint, (2) Certification and Notice of Interested Parties, and (3) Proof of Service by Mail. (A true and correct copy of the documents are attached, collectively as **Exhibit A**, to the Declaration of Nathan Moore filed herewith.)

The foregoing documents were sent via UPS overnight delivery to the U.S. District Court, Central District of California, Southern Division, Santa Ana, CA 92701. On the same day, a copy of these documents were sent via UPS overnight delivery to Plaintiff's counsel, Jonah Grossbardt. (A true and correct copy of the UPS shipping receipts are attached, collectively as **Exhibit B**, to the Declaration of Nathan Moore filed herewith.)

Defendant and MOORE were unaware that a limited liability company could not appear In Pro Per. Defendant and MOORE were unaware that the Answer to Complaint had not been accepted by the Court, as the documents were never returned. A review of the docket in this case does not reveal that an Answer was received for filing and rejected by the Court. When MOORE checked on the delivery status of the documents with UPS, the status revealed that the packages were delivered to this Court and to Plaintiff's counsel. (A true and correct copy of the UPS status report regarding delivery is attached as **Exhibit C**, to the Declaration of Nathan Moore filed herewith.)

Although Plaintiff admits that it received the Answer to Complaint that was served via overnight delivery on March 26, 2021 (Decl. of J. Grossbardt ISO Motion for Default Judgment at ¶ 7), Plaintiff made no efforts to contact Defendant regarding why the Answer to Complaint did not appear in the Court docket before filing a request for default. Indeed, Plaintiff, in what appears to be a devious manner, did not even serve Defendant with a copy of the Default by Clerk [see Docket No. 16]. Thus, Defendant MOORE were unaware that a default had been taken against Defendant on May 11, 2021.

Plaintiff inappropriately and without proper procedure requested a default against Defendant. Plaintiff again without following proper procedure filed an Application for Default Judgment against Defendant wherein Plaintiff seeks excessive damages, attorney fees, and post judgment interest.

Defendant's default should be set aside and Plaintiff's pending Application for Default Judgment should be denied. Defendant should be allowed to submit its Answer to the Complaint.

**2.     LEGAL AUTHORITY**

Federal Rules of Civil Procedure, Rule 55(c) states, in part:

> The court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b).

**3.     LEGAL ANALYSIS**

**A.     The Court Has Power to Set Aside Entry of Default**

The court has considerable flexibility and may set aside the default entry "for good cause." [FRCP 55(c); see *JMB Mfg., Inc. v. Child Craft, LLC* (7th Cir. 2015) 799 F3d 780, 792—"good cause" for relief from entry of default more lenient and "does not necessarily require a good excuse for the defendant's lapse"; *FOC Fin'l Ltd. Partnership v. National City Comm'l Capital Corp*. (D AZ 2009) 612 F.Supp.2d 1080, 1083, fn. 1—"good cause" is either equivalent to or less stringent than "excusable neglect"]

The trial court has the power either to set aside the entry of default "for good cause" or set aside a final default judgment for various reasons, including "mistake, inadvertence, surprise, or excusable neglect" (FRCP 60(b)(1)). [FRCP 55(c); see *Pecarsky v. Galaxiworld.com Ltd.* (2nd Cir. 2001) 249 F3d 167, 170—alternatively, defaulted defendants may skip motion to set aside and directly appeal the judgment]

In determining whether "good cause" exists, the most important factors usually are:

— whether the default was willful;

— whether setting the default aside would prejudice the adversary; and

— whether a meritorious defense is presented. [*Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC* (2nd Cir. 2015) 779 F3d 182, 186; *In re Chinese-Manufactured Drywall Products Liability Litig.* (5th Cir. 2014) 742 F3d 576, 594 (same "good cause" factors, but also holding identical "good cause" standard applies to both Rule 55(c) and Rule 60(b) relief]

Other factors, however, may also be relevant, including:

— the nature of defendant's explanation for the default;

— the good faith of the parties;

— the amount of money involved; and

— the promptness of defendant's motion to set aside the entry of default. [*Indigo America, Inc. v. Big Impressions, LLC* (1st Cir. 2010) 597 F3d 1, 3]

In the instant action, MOORE sent on behalf of Defendant, In Pro Per, the Answer to Complaint for filing with this Court and for serve on Plaintiff. These documents were sent via UPS overnight delivery to the U.S. District Court, Central District of California, Southern Division, and to Plaintiff's counsel, Jonah Grossbardt. (See Decl. of N. Moore filed concurrently herewith).

Defendant and MOORE were unaware that a limited liability company could not appear In Pro Per. Defendant and MOORE were also unware that the Answer to Complaint had not been accepted by the Court, as the documents were not returned. A review of the docket in this case does not reveal that an Answer was received for filing and rejected by the Court. Defendant and MOORE were unaware that a default had been taken against Defendant on May 11, 2021 as Plaintiff did not serve Defendant or MOORE with the request for default. (See Decl. of Nathan Moore filed concurrently herewith)

Defendant's actions in this case were a good faith effort to answer the complaint and set forth a defense to same. Defendant's conduct was not willful or in bad faith. Plaintiff will not be prejudiced by the setting aside of the default so this matter can be determined on its merits. Defendant as soon as it learned of the default, took immediate steps to set aside the default.

For the foregoing reasons, this Court should find that Defendant acted with excusable neglect.

**B.     Defendant Has a Meritorius Defense**

Defendant set-up a one-page website to provide information regarding its cigar shop. The website did not offer anything for sale and was a very basic informational website. Defendant went online and searched cigar images to find a photo to use as the background for its website. The google search found numerous pictures of stacked and bundled cigars. Defendant selected an image and enlarged it so that only 30-40 percent of the original image showed in the background of the website. When viewing the selected image on the internet, there was no indication it was owned or had been copyrighted by anyone.

As soon as Defendant became aware of a potential lawsuit over the use of the image on the website, the image was taken down. Nothing was ever sold on the website. (See Decl. of Nathan Moore filed concurrently herewith.)

### C.     Relief From Default is Appropriate

Plaintiff, through its counsel, in this action has failed to comport itself in a professional manner. Plaintiff's counsel having admitted to receiving a copy of Defendant's Answer to Complaint, made absolutely no effort to communicate with Defendant regarding the Answer and the reason why the Answer that was received by Plaintiff did not appear in the Court docket. Instead, Plaintiff moved forward with its request for default without providing any warning, notice or otherwise mention to Defendant that it was in default.

The Central District of California requires notice to a defaulting party, even if he or she has not "appeared," when the claim is for an unliquidated amount of damages (CD CA Rule 55-2). Plaintiff failed to provide notice to Defendant of its request for default and for the instant Application for Default Judgment. Failure to give such notice where required is a "serious procedural error" violating due process: "Absent special circumstances, the failure to give necessary notice will require that the default judgment be set aside where attacked on direct appeal or by a motion to vacate the judgment." [*In re Roxford Foods, Inc.* (9th Cir. 1993) 12 F3d 875, 881 (internal quotes omitted); see also *United States ex rel. Time Equip. Rental & Sales, Inc. v. Harre* (8th Cir. 1993) 983 F2d 128, 130] Most courts hold the "appearance" need not be a formal one or involve any submission or presentation to the court. Under this view, an "appearance" may be found if defendant has clearly manifested an intent to defend the action (e.g., by letters or telephone calls): "In limited situations, informal contacts between the parties have sufficed when the party in default has thereby demonstrated a clear purpose to defend the suit." [*Wilson v. Moore & Assocs., Inc.* (9th Cir. 1977) 564 F2d 366, 369; see also *United States v. McCoy* (5th Cir. 1992) 954 F2d 1000, 1003]

Clearly in this action Plaintiff was aware that Defendant intended to defend the action as it received Defendant's Answer to Complaint, which it admits to receiving on March 26, 2021. (See Decl. of J. Grossbardt ISO Motion for Default Judgment at ¶ 7).

**D.     Defendant's Default Was Taken Due to Excusable Neglect**

As set forth above, MOORE sent on behalf of Defendant, In Pro Per, the Answer to Complaint for filing with this Court and for serve on Plaintiff. These documents were sent via UPS overnight delivery to the U.S. District Court, Central District of California, Southern Division, and to Plaintiff's counsel, Jonah Grossbardt. (See Decl. of N. Moore filed concurrently herewith).

Defendant and MOORE were unaware that a limited liability company could not appear In Pro Per. Defendant and MOORE were also unware that the Answer to Complaint had not been accepted by the Court, as the documents were not returned. A review of the docket in this case does not reveal that an Answer was received for filing and rejected by the Court. Defendant and MOORE were unaware that a default had been taken against Defendant on May 11, 2021 as Plaintiff did not serve Defendant or MOORE with the request for default.

In the instant action, entry of default was inappropriate as Defendant made an earnest attempt to defend this action by submitting its Answer to Complaint to the Court for filing and by serving the Answer on Plaintiff's counsel. Although Defendant's Answer may be technically late, Plaintiff will not suffer any prejudice by Defendant's late answer, and there is no evidence that Defendant's delay in filing an answer was either willful or in bad faith. [*Chamberlain v. Giampapa* (3rd Cir. 2000) 210 F3d 154, 164]

Defendant's actions in this case were a good faith effort to answer the complaint and set forth a defense to same. Defendant's conduct was not willful or in bad faith. Thus, this Court should find that Defendant acted with excusable neglect.

## 4. CONCLUSION

For all the foregoing reasons, Defendant OC CIGARS, LLC respectfully requests that this Court grant Defendant's Application for Relief from Defendant and deny Plaintiff's pending Application for Default Judgment.

DATE:  October 1, 2021

*Thomas L. Gourde*
THOMAS L. GOURDE
KARI A. MARTIN
Attorneys for Defendant
OC CIGARS, LLC

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

    I am employed in the County of Orange, State of California. I am over the age of eighteen years and not a party to the within action. My business address is: 111 Pacifica, Suite 120, Irvine, California 92618. On October 1, 2021, I served the foregoing document described as **DEFENDANT OC CIGARS, LLC'S APPLICATION FOR RELIEF FROM DEFAULT; MEMORANDUM OF POINTS AND AUTHORTIES** on interested parties in said action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

**Attorney for Plaintiff**
Jonah A. Grossbardt, Esq.
Matthew L. Rollin, Esq.
SRIPLAW
8730 Wilshire Blvd., Suite 350
Beverly Hills, CA 90211
Tel. (323) 364-6565
Email: Jonah.grossbardt@sriplaw.com
       Matthew.rollin@scriplaw.com

X    BY ELECTRONIC MAIL: Via the CM/ECF system and served pursuant to Local Rule 5-3.2.3, to the parties listed above.

      BY MAIL AS FOLLOWS: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California, in the ordinary course of business. I am aware that on motion of the party serviced, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

X    FEDERAL: I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

EXECUTED ON October 1, 2021 at Irvine, California.

                          *Kari A. Martin*
                          Kari A. Martin

DEFENDANT OC CIGARS, LLC'S APPLICATION FOR RELIEF FROM DEFAULT