UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:21-cv-00357-JVS-DFM | Date | October 25, 2021 |
| Title | Bryan E. Glynn v. OC Cigars, LLC | | |

| | |
|---|---|
| Present: The Honorable | **James V. Selna, U.S. District Court Judge** |

| | |
|---|---|
| Lisa Bredahl | Not Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**  **[IN CHAMBERS] Order Regarding Motion to Set Aside Entry of Default**

Defendant OC Cigars, LLC ("OC Cigars") filed a motion to set aside entry of default. Mot., Dkt. No. 22. Plaintiff Bryan E. Glynn ("Glynn") opposed the motion. Opp'n, Dkt. No. 23. OC Cigars replied. Reply, Dkt. No. 24.

For the following reasons, the Court **GRANTS** the motion.

## I. BACKGROUND

On February 23, 2021, Glynn filed a complaint against OCC, asserting two claims for copyright infringement and removal of copyright management information. Compl., Dkt. No. 1. Glynn is a professional photographer. Id. ¶ 2. In 2015, Glynn created a photograph (the "Work"). Id. ¶ 11. He then applied to the Work copyright management information consisting of a blue and white watermark at the bottom left corner that reads, "BGPictures." Id. ¶ 12. On October 22, 2015, he registered the Work with the Register of Copyrights. Id. ¶ 13.

OC Cigars is a cigar store located in Costa Mesa, California. Id. ¶ 4. OC Cigars operates a website located at https://orangecountycigar.com/. Id. Glynn alleges that without his permission, OC Cigars posted the Work on its website to promote its business. Id. ¶ 18. In doing so, OC Cigar allegedly removed Glynn's copyright management information from the Work. Id. ¶ 24.

On March 5, 2021 OC Cigars was served with the Complaint. Dkt. No. 11. Glynn received an answer from OC Cigars, but the answer was never filed with the Court. Mot.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:21-cv-00357-JVS-DFM | Date | October 25, 2021 |
|---|---|---|---|
| Title | Bryan E. Glynn v. OC Cigars, LLC | | |

for Default J., Dkt. No. 18, at 3. On May 11, 2021, the Clerk entered default against OC Cigars. Default, Dkt. No. 16. OC Cigars now seeks to set aside entry of default under Federal Rule of Civil Procedure 55(c). Mot.

## II. Legal Standard

Under Federal Rule of Civil Procedure 55(c), a district court "may set aside an entry of default for good cause." "To determine 'good cause', a court must 'consider[ ] three factors: (1) whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default; (2) whether [it] had [no] meritorious defense; or (3) whether reopening the default [] would prejudice' the other party." United States v. Signed Personal Check No. 730 of Yurban S. Mesle, 615 F.3d 1085, 1091 (9th Cir. 2010) (quoting Franchise Holding II, LLC v. Huntington Rests. Grp., Inc., 375 F.3d 922, 925-26 (9th Cir. 2004)). A sufficient finding against the movant on any one factor negates good cause. Franchise Holding, 375 F.3d at 926 ("As these factors are disjunctive, the district court was free to deny the motion if any of the three factors was true."). "Crucially, however, 'judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits.'" Signed Personal Check, 615 F.3d at 1091 (quoting Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984)).

## III. Discussion

### A.  Culpable Conduct

"[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer." U.S. v. Signed Personal Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1092 (9th Cir. 2010) (emphasis in original) (quoting TCI Grp. Life Ins. Plan v. Knoebber, 244 F.3d 691, 697 (9th Cir. 2001), overruled on other grounds by Egelhoff v. Egelhoff ex rel. Breiner, 532 U.S. 141 (2001)). "Neglectful failure to answer as to which the defendant offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decision-making, or otherwise manipulate the legal process is not 'intentional.' " TCI Grp., 244 F.3d at 697. Rather, a defendant's conduct should be deemed culpable when "there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." Id. at 698.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:21-cv-00357-JVS-DFM | Date | October 25, 2021 |
| Title | Bryan E. Glynn v. OC Cigars, LLC | | |

OC Cigars argues that on March 25, 2021, Nathan Moore, a Manager of OC Cigars, sent on behalf of OC Cigars, In Pro Per, an answer to the complaint via UPS overnight delivery to the Court. Mot. at 3. On the same day, OC Cigars sent its answer to via UPS to Glynn's counsel, Jonah Grossbardt. Id. OC Cigars argues that it was unaware that its answer had not been accepted by the Court "as the documents were never returned," and the UPS "status revealed that the packages were delivered to this Court. . ." Mot. at 3. OC Cigars admits that a review of the docket does not reveal that an Answer was received for filing and rejected by the Court. Id. OC Cigars argues that although Glynn admits that it received the answer (Mot. for Default J. at 3), Glynn made no efforts to contact OC Cigar regarding why the answer did not appear in the docket before filing a request for default judgment. Mot. at 4.

The Court finds that OC Cigars did not engage in culpable conduct that led to the default because it offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decision-making, or otherwise manipulate the legal process. Its mistake does not reflect bad faith, but rather, albeit careless, inadvertent error.

  B. *Meritorious Defense*

A party seeking to set aside the entry of default must allege sufficient facts that, if true, would constitute a defense. Mesle, 615 F.3d at 1094 (citing TCI Grp., 244 F.3d at 700). This burden is "not extraordinarily heavy." TCI Grp., 244 F.3d at 700. "Where timely relief is sought from a default ... and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the default so that cases may be decided on their merits." Mendoza v. Wight Vineyard Mgmt., 783 F.2d 941, 945–46 (9th Cir.1986) (citation omitted). The "meritorious defense" requirement requires only that the party seeking to set aside the entry of default allege facts that, if true, would constitute a defense. TCI Grp., 244 F.3d at 700. Resolution of factual issues is left to a later stage of litigation. Id.

A claim for removal of copyright management information requires showing that a defendant "(1) intentionally remove[d] or alter[ed] any copyright management information, (2) distribute[d] or import[ed] for distribution copyright management information knowing that the copyright management information has been removed or altered without authority of the copyright owner or the law, or (3) distribute[d],

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:21-cv-00357-JVS-DFM | Date | October 25, 2021 |
| Title | Bryan E. Glynn v. OC Cigars, LLC | | |

import[ed] for distribution, or publicly perform works, copies of works, or phone records, knowing that copyright management information has been removed or altered without authority of the copyright owner or the law, knowing, or, with respect to civil remedies under section 1203, having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement of any right under this title." The intent or knowledge requirement of the claim means that OC Cigars may have a meritorious defense, particularly given its allegation that it "enlarged [the Work] so that only 30-40 percent of the original image showed in the background of [its] website" and that "there was no indication that it was owned or had been copyrighted by anyone." Mot. at 6.

    C.    *Prejudice to Plaintiff*

To constitute prejudice, the harm that would result from setting aside the entry of default must be something more than delay or the costs associated with the litigation itself. TCI Grp., 244 F.3d at 701. Merely "being forced to litigate on the merits" is not considered prejudice. Id. Examples of prejudice include "loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." Id. (internal quotation marks and citation omitted).

The Court does not find that setting aside default would prejudice Glynn because he has not shown that setting aside default would result in harm beyond delay or costs associated with litigation. See Opp'n.

**IV. CONCLUSION**

For the foregoing reasons, the Court **GRANTS** the motion to set aside default. OC Cigars is ordered to file an answer or responsive motion within 21 days.

The Court finds that oral argument would not be helpful in this matter. Fed. R. Civ. P. 78; L.R. 7-15. Hearing set for November 1, 2021, is **VACATED**.

    **IT IS SO ORDERED.**

    :    0

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:21-cv-00357-JVS-DFM             Date  October 25, 2021

Title  Bryan E. Glynn v. OC Cigars, LLC

                                          Initials of Preparer    lmb