Thomas L. Gourde, SBN 150483
Kari A. Martin, SBN 315551
RAY & GOURDE, LLP
111 Pacifica, Suite 120
Irvine, CA 92618
Telephone: 949-825-6520
Facsimile: 949-825-6544

Attorneys for Defendant
OC CIGARS, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

BRYAN E. GLYNN,

    Plaintiff,

vs.

OC CIGARS, LLC,

    Defendant.

CASE NO. 8:21-cv-00357 JVS (DFMx)

**DEFENDANT OC CIGARS, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT FOR DAMAGES**

**DEMAND FOR JURY TRIAL**

    Defendant OC CIGARS, LLC (hereinafter "Defendant") pursuant to Fed. R. Civ. P. 7 and 8, hereby serves its answer and affirmative defenses to the Complaint filed by Plaintiff BRYAN E. GLYNN ("Plaintiff"), as follows:

## SUMMARY OF THE ACTION

    1.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint, and on that basis denies each and every allegation contained therein.

2. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint, and on that basis denies each and every allegation contained therein.

3. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint, and on that basis denies each and every allegation contained therein.

4. Defendant admits it is a cigar store and lounge located in Costa Mesa, California, otherwise, Defendant denies the allegations contained in Paragraph 4 of the Complaint.

5. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint, and on that basis denies each and every allegation contained therein.

## JURISDICTION AND VENUE

6. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint, and on that basis denies each and every allegation contained therein.

7. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 7, and on that basis denies each and every remaining allegation contained therein.

8. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 8, and on that basis denies each and every remaining allegation contained therein.

9. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 9, and on that basis denies each and every remaining allegation contained therein.

DEFENDANT OC CIGAR LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT FOR DAMAGES

**DEFENDANT**

10. Defendant admits the allegations contained in paragraph 10 of the Complaint.

**THE COPYRIGHTED WORK AT ISSUE**

11. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 11, and on that basis denies each and every remaining allegation contained therein.

12. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 12, and on that basis denies each and every remaining allegation contained therein.

13. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 13, and on that basis denies each and every remaining allegation contained therein.

14. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 14, and on that basis denies each and every remaining allegation contained therein.

**INFRINGEMENT BY DEFENDANT**

15. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 15, and on that basis denies each and every remaining allegation contained therein.

16. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 16, and on that basis denies each and every remaining allegation contained therein.

17. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 17, and on that basis denies each and every remaining allegation contained therein.

18. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 18, and on that basis denies each and every remaining allegation contained therein.

19. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 19, and on that basis denies each and every remaining allegation contained therein.

20. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 20, and on that basis denies each and every remaining allegation contained therein.

21. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 21, and on that basis denies each and every remaining allegation contained therein.

22. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 22, and on that basis denies each and every remaining allegation contained therein.

23. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 23, and on that basis denies each and every remaining allegation contained therein.

24. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 24, and on that basis denies each and every remaining allegation contained therein.

25. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 25, and on that basis denies each and every remaining allegation contained therein.

## **COUNT I**

26. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 26, and on that basis denies each and every remaining allegation contained therein.

27. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 27, and on that basis denies each and every remaining allegation contained therein.

28. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 28, and on that basis denies each and every remaining allegation contained therein.

29. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 29, and on that basis denies each and every remaining allegation contained therein.

30. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 30, and on that basis denies each and every remaining allegation contained therein.

31. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 31, and on that basis denies each and every remaining allegation contained therein.

32.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 32, and on that basis denies each and every remaining allegation contained therein.

33.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 33, and on that basis denies each and every remaining allegation contained therein.

## COUNT II

34.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 34, and on that basis denies each and every remaining allegation contained therein.

35.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 35, and on that basis denies each and every remaining allegation contained therein.

36.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 36, and on that basis denies each and every remaining allegation contained therein.

37.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 37, and on that basis denies each and every remaining allegation contained therein.

38.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 38, and on that basis denies each and every remaining allegation contained therein.

39. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 39, and on that basis denies each and every remaining allegation contained therein.

40. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 40, and on that basis denies each and every remaining allegation contained therein.

## **AFFIRMATIVE DEFENSES**

### **FIRST AFFIRMATIVE DEFENSE**

1. As a first, separate and distinct affirmative defense, Defendant alleges that the Complaint, and each and every purported cause of action contained therein, fails to state facts sufficient to constitute a cause of action against this Defendant.

### **SECOND AFFIRMATIVE DEFENSE**

2. As a second, separate and distinct affirmative defense, Defendant is informed and believes, and based thereon alleges, that the causes of action set forth in the Complaint are barred by the applicable Statute of Limitations.

### **THIRD AFFIRMATIVE DEFENSE**

3. As a third, separate and distinct affirmative defense, Defendant is informed and believes, and based thereon alleges, that Plaintiff failed to mitigate his damages and said failure should reduce Plaintiff's recovery, if any.

### **FOURTH AFFIRMATIVE DEFENSE**

4. As a fourth, separate and distinct affirmative defense, Defendant is informed and believes, and based thereon alleges, that each and every one of the causes of action in the Complaint is barred by the doctrine of laches.

**FIFTH AFFIRMATIVE DEFENSE**

5.  As a fifth, separate and distinct affirmative defense, Defendant is informed and believes, and based thereon alleges, that each and every cause of action is barred by the doctrine of unclean hands.

**SIXTH AFFIRMATIVE DEFENSE**

6.  As a sixth, separate and distinct affirmative defense, Defendant is informed and believes, and based thereon alleges, that any or all allegations alleged in the Complaint were caused solely by the acts or omissions of third parties who were not employees or agents of Defendant, which acts or omissions did not occur in connection with any contractual relationship existing directly or indirectly with Defendant.

**SEVENTH AFFIRMATIVE DEFENSE**

7.  As a seventh, separate and distinct affirmative defense, Defendant is informed and believes, and based thereon alleges, that Plaintiff has not been damaged by this Defendant.

**EIGHTH AFFIRMATIVE DEFENSE**

8.  As a eighth, separate and distinct affirmative defense, Defendant alleges that the damages suffered by Plaintiff, if any, were the direct and proximate result of the negligence of parties, persons, corporations and/or entities other than Defendant and that the liability of Defendant, if any, is limited in direct proportion to the percentage of fault actually attributable to this Defendant.

**NINTH AFFIRMATIVE DEFENSE**

9.  As a ninth, separate and distinct affirmative defense, Defendant is informed and believes and upon such information and belief alleges that the damages and the injuries, if any, allegedly suffered by Plaintiff were proximately caused and contributed to by the negligence of third parties (not this Defendant), and that said third parties failed to exercise reasonable care at and prior to the time of said damages, and by reason therefore any recovery by Plaintiff against this Defendant must be reduced by an amount equal to the proportionate fault of said third parties.

### TENTH AFFIRMATIVE DEFENSE

10. As a tenth, separate and distinct affirmative defense, Defendant is informed and believes and thereon alleges that the Complaint was brought without reasonable cause and without a good faith belief that there was a justifiable controversy under the facts or the laws, which warranted the filing of the Complaint against this Defendant. Plaintiff should therefore be responsible for all this Defendant's necessary and reasonable defense costs.

### ELEVENTH AFFIRMATIVE DEFENSE

11. As a eleventh, separate and distinct affirmative defense, Defendant states that Defendant has appropriately, completely and fully performed and discharged any and all obligations and legal duties arising out of the matters alleged in the Complaint.

### TWELFTH AFFIRMATIVE DEFENSE

12. As a twelfth, separate and distinct affirmative defense, Defendant alleges that Plaintiff has no basis for recover on any alleged damages or for attorney's fees against this Defendant.

### THIRTEENTH AFFIRMATIVE DEFENSE

13. As a thirteenth, separate and distinct affirmative defense, Defendant is informed and believes, and based thereon alleges, that Defendant presently has insufficient knowledge or insufficient information upon which to form a belief as to whether it may have additional, yet unasserted, affirmative defenses. Defendant, therefore, reserves the right to assert additional affirmative defenses in the event discovery indicates it would be appropriate.

**WHEREFORE**, Defendant OC CIGARS, LLC prays that Plaintiff take nothing by reason of his Complaint herein, for costs of suit herein incurred; and for such other and further relief as the Court deems just and proper.

RAY & GOURDE, LLP

DATE: November 4, 2021

_____
THOMAS L. GOURDE
KARI A. MARTIN
Attorneys for Defendant
OC CIGARS, LLC

## DEMAND FOR JURY TRIAL

OC CIGARS, LLC hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

RAY & GOURDE, LLP

DATE: November 4, 2021

_____
THOMAS L. GOURDE
KARI A. MARTIN
Attorneys for Defendant
OC CIGARS, LLC

DEFENDANT OC CIGAR LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT FOR DAMAGES

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed in the County of Orange, State of California. I am over the age of eighteen years and not a party to the within action. My business address is: 111 Pacifica, Suite 120, Irvine, California 92618. On November 4, 2021, I served the foregoing document described as **DEFENDANT OC CIGARS, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT FOR DAMAGES** on interested parties in said action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

**Attorney for Plaintiff**
Jonah A. Grossbardt, Esq.
Matthew L. Rollin, Esq.
SRIPLAW
8730 Wilshire Blvd., Suite 350
Beverly Hills, CA 90211
Tel. (323) 364-6565
Email: Jonah.grossbardt@sriplaw.com
Matthew.rollin@scriplaw.com

X    BY ELECTRONIC MAIL: Via the CM/ECF system and served pursuant to Local Rule 5-3.2.3, to the parties listed above.

BY MAIL AS FOLLOWS: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California, in the ordinary course of business. I am aware that on motion of the party serviced, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

X    FEDERAL: I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

EXECUTED ON November 4, 2021 at Irvine, California.

_____
Kari A. Martin